CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 07 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ANGELA DENISE WHITE, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 4:12cv00022 |
| FIA CARD SERVICES, N.A., ) | |
| CR EVERGREEN II, LLC, ) | **MEMORANDUM OPINION** |
| and ) | |
| EAST BAY FUNDING, LLC, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Appellees, ) | |
| ) | |
| and ) | |
| ) | |
| CHRISTOPHER T. MICALE, ) | |
| ) | |
| Chapter 13 Trustee. ) | |

In this bankruptcy appeal, the appellant asks the court to reverse the Bankruptcy Court's denial of her complaint seeking to avoid the secured judicial lien of one of her creditors under 11 U.S.C. § 506(d). For the reasons stated below, the Bankruptcy Court's opinion will be reversed.

I. **Background**

On April 11, 2011, Angela Denise White (the "Debtor" or "Ms. White") filed a Chapter 13 bankruptcy case in the United States Bankruptcy Court for the Western District of Virginia. As part of her Chapter 13 plan, Ms. White listed Bank of America as a fully secured creditor in the amount of $10,812.00, based on the bank's recorded judgment lien held against a parcel of real property owned by Ms. White. On May 16, 2011, FIA Card Services, NA ("FIA"), as a successor in interest to Bank of America, filed an unsecured proof of claim (the "Claim") in the amount of $9,512.09, as part of the Chapter 13 bankruptcy case. FIA then filed a notice of

transfer of the Claim to CR Evergreen II, LLC, who, in turn, filed a notice of transfer of the Claim to East Bay Funding, LLC. Neither transfer indicated that the Claim was secured. FIA, CR Evergreen II, LLC, and East Bay Funding, LLC will be referred to herein as the "Creditors."

On February 23, 2012, Ms. White filed a complaint initiating an adversary proceeding in the Bankruptcy Court, in which she sought to avoid the Creditor's judgment lien under 11 U.S.C. § 506(d). None of the Creditors responded to the complaint, prompting Ms. White to file a motion for default judgment. On May 29, 2012, the Bankruptcy Court denied Ms. White's motion, reaching the merits of the complaint and concluding that the lien should not be avoided under § 506(d). Ms. White appealed the decision, and filed a supporting brief in this court. The appeal is unopposed.

## II. Discussion

District courts possess appellate jurisdiction over bankruptcy proceedings pursuant to 28 U.S.C. § 158(a). A district court reviews legal conclusions of the bankruptcy court de novo. In re Meredith, 527 F.3d 372, 375 (4th Cir. 2008).

The outcome of this case hinges on the correct interpretation of 11 U.S.C. § 506(d), which states:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

In her complaint before the Bankruptcy Court, the Debtor sought to avoid the lien securing the Creditor's claim under the pre-ambulatory language of § 506(d). The Debtor noted that the Claim was not an allowed secured claim, a result of the Creditors filing it as unsecured, and argued that neither of the two exceptions listed in the statute applied. The Bankruptcy Court

2

disagreed, finding that the second exception applied, and refused to avoid the lien. In reaching its decision, the Bankruptcy Court applied the "rule of the last antecedent,"[1] and concluded that the term "such claim" in § 506(d)(2) refers only to secured claims, and not unsecured claims. The Bankruptcy Court's full reasoning was as follows:

> The second exception to the pre-ambulatory language provides that the lien is not void if the creditor's claim is not an allowed secured claim only because the creditor did not file a *secured* proof of claim. The term "such claim" in the language of Section 506(d)(2) refers only to a secured proof of claim, not to an unsecured proof of claim. Application of the rule of the last antecedent requires such an interpretation. The last antecedent use of the term "claim" prior to the use of the term "such claim" is the phrase "allowed secured claim". Therefore, the term "such claim" refers only to the secured portion of the claim. East Bay filed an unsecured proof of claim. It did not file a secured proof of claim. Accordingly, the second exception applies and the Debtor may not avoid the lien.

In re White, No. 11-60956-LYN, 3 (Bankr. W.D. Va. May 29, 2012) (footnote omitted) (emphasis in original).

On appeal, Ms. White argues that the Bankruptcy Court erred in applying subsection (d)(2) "when an otherwise secured claimant does not have an allowed secured claim due to its decision to participate in the case as an unsecured creditor by filing an unsecured proof of claim." (Br. of Appellant, at 5) (emphasis in original). In other words, the Debtor contends that the term "such claim" in subsection (d)(2) refers not only to secured proofs of claim, but to a claim that is deemed unsecured only because of a creditor's decision to participate in the bankruptcy proceedings by filing an unsecured proof of claim.

The court agrees with the Debtor's reading of the statute. Subsection (d)(2) refers to "the failure of any entity to file a proof of such claim under section 501 . . . ." (emphasis added). Section 501 describes the filing of proofs of claims generally without making a distinction

---

[1] The "rule of the last antecedent" is a method of statutory interpretation "under which 'a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows.'" U.S. v. Hayes, 555 U.S. 415, 425 (2009) (quoting Barnhart v. Thomas, 540 U.S. 20, 26 (2003)).

3

between secured and unsecured claims. As the Debtor notes in her brief, the only section of the Code dealing specifically with secured claims is § 506(a). The Bankruptcy Court's interpretation of (d)(2), while certainly plausible, would be on much stronger footing if the subsection limited its own applicability to proofs of claims filed under § 506(a), the section addressing secured claims, rather than § 501, the section addressing proofs of claims generally. Since the subsection does not so limit itself, and there is no indication elsewhere in the Code that (d)(2) refers only to the failure to file secured claims, a better reading of the exception is that it applies only when the creditor has failed to file a proof of claim of any type.

While not stating this point directly, the United States Court of Appeals for the Fourth Circuit has avoided specifying the type of claim necessary to invoke the exception, noting "Section 506(d) voids a lien that secures a claim against the debtor which is not an allowed secured claim, unless the claim is not treated as an allowed secured claim simply because the creditor has elected not to file a proof of claim." Cen-Pen Corp. v. Hanson, 58 F.3d 89, 93 (4th Cir. 1995) (emphasis added); see also In re Kressler, 40 Fed. App'x. 712, 713 (3rd Cir. 2002) (unpublished opinion) ("In determining the secured status of a claim, the bankruptcy statute specifically exempts from being voided a claim that does not obtain "allowed secured" status solely because a creditor did not file proof of the claim.").

Reading (d)(2) as applicable only when a creditor has failed to file either type of allowed proof of claim also makes sense in light of the purpose and legislative history of the subsection. A longstanding pre-Code rule allowed secured creditors to choose not to participate in a debtor's bankruptcy proceedings and still retain valid, enforceable liens once the debtor was discharged from bankruptcy. See e.g., United States Nat'l Bank v. Chase Nat'l Bank, 331 U.S. 28, 33 (1947); Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 582-83 (1935); Long v.

4

Bullard, 117 U.S. 617, 620-21 (1886). When the Bankruptcy Code was amended in 1978, it was unclear whether the principle remained good law. In re Hamlett, 322 F.3d 342, 347-48 (4th Cir. 2003). In Dewsnup v. Timm, 502 U.S. 410, 417 (1992), the Supreme Court resolved a circuit split by holding that "the pre-Code rule that liens on real property pass through bankruptcy unaffected" remained in effect. The survival of this rule comports with the legislative history of § 506(d)(2), which explains that the subsection was intended "to make clear the failure of the secured creditor to file a proof of claim is not a basis for avoiding the lien of the secured creditor." S. Rep. No. 65, 98th Cong., 1st Sess. 79 (1983).[2] This explanation simply confirmed the long-standing rule that creditors could chose not to participate in bankruptcy proceedings without risking the loss of pre-existing liens.

Here, the secured Creditors did not fail to file a proof of a claim. Instead, the Creditors chose to participate in the bankruptcy proceedings, albeit through the filing of an unsecured proof of claim. Under the Debtor's payment plan as confirmed by the Bankruptcy Court, the Claim will be paid in full, although without interest, through distributions from the Trustee. The Creditors gained this right to payment through the bankruptcy plan by participating in the proceedings, and § 506(d) requires their lien be avoided now that they have successfully availed themselves of such benefits.

Given the Creditors lack of participation at the Bankruptcy Court and on appeal here, it is unknown why the Claim was filed as unsecured. In a recent, somewhat similar case in the Bankruptcy Court for the Western District of Virginia, a creditor acknowledged that it had

---

[2] Section 506(d)(2) was added by amendment in 1984. See Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 93-353, § 448(b), 98 Stat. 374.

intentionally filed an unsecured claim as part of the debtor's bankruptcy proceedings, while still holding a perfected deed of trust securing a lien against the debtor's property. In re Burnette, No. 11-71622, at 2 (Bankr. W.D. Va. November 18, 2011). In disallowing the claim as an obstacle to the debtor's ability to confirm a bankruptcy plan under which his creditors could be paid in full, the bankruptcy judge noted that "the intentional filing of an unsecured claim by the creditor which in fact has a fully secured claim and is being so treated in the Plan may violate the provisions of Federal Rule of Bankruptcy Procedure 9011(b)(1), (2) and (4) and subject the creditor to possible sanctions." Id. Whatever the Creditors' reasons for filing an unsecured claim in this case, the Code does not entitle them to payment of their claim through distributions under the bankruptcy plan, while still retaining their secured judicial lien; in other words, they cannot have it both ways. The court determines that, because the Creditors filed an allowed proof of claim under § 501, the exception to the avoidance requirement in § 506(d)(2) does not apply in this case, and the lien should have been avoided.

### III. Conclusion

Based on the foregoing, the court concludes that the Creditors' lien should have been avoided under § 506(d). Accordingly, the decision of the Bankruptcy Court will be reversed and remanded for further proceedings consistent with this opinion.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the parties.

ENTER: This 7th day of November, 2012.

_____
Chief United States District Judge

6